UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROCHELLE DRIESSEN,                          :
    Plaintiff,                              :
                                            :
v.                                          :      Case No. 3:14-CV-01300 (VAB)
                                            :
ROYAL BANK INTERNATINAL,                    :
    Defendant.                              :

## RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff, Rochelle Driessen, proceeding *pro se*, filed a self-styled "Memorandum of

Law" in this action on February 23, 2015.  [Doc. No. 14].  In it, Ms. Driessen presents arguments

identifying purported failures in this Court's review of and ruling on Ms. Driessen's Motion to

Recuse Judge Victor A. Bolden [Doc. No. 12].  While Ms. Driessen does not explicitly request

any particular action in her "Memorandum of Law," in light of her *pro se* status, the Court

construes this "Memorandum of Law" as a Motion for Reconsideration of the Court's February 9

Order [Doc. No. 13], which denied her Motion to Recuse.  For the following reasons, Ms.

Driessen's Motion for Reconsideration is denied.

The standard for granting a motion for reconsideration is strict.  *See Shrader v. CSX*

*Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  It is well-settled that a motion for reconsideration

is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a

rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc.*

*v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir.2012) (internal quotation marks and citation

omitted); *see also Stoner v. Young Concert Artists, Inc.*, No. 11–CV–7279, 2013 WL 2425137, at

*1 (S.D.N.Y. May 20, 2013) ("'A motion for reconsideration is an extraordinary remedy, and

this Court will not reconsider issues already examined simply because [a party] is dissatisfied

1

with the outcome of his case.  To do otherwise would be a waste of judicial resources.'")

(alteration in original) (quoting *Matura v. United States*, 189 F .R.D. 86, 90 (S.D.N.Y. 1999)).

"A motion for reconsideration should be granted only when the defendant identifies 'an

intervening change of controlling law, the availability of new evidence, or the need to correct a

clear error or prevent manifest injustice.'"  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL

Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l

Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992)).  "[R]econsideration will generally be denied

unless the moving party can point to controlling decisions or data that the court overlooked—

matters, in other words, that might reasonably be expected to alter the conclusion reached by the

court."  *Shrader*, 70 F.3d at 257.

Ms. Driessen has not identified any intervening change of controlling law or the

availability of ***relevant*** new evidence.  She merely reiterates the arguments she presented in her

initial Motion to Recuse, which are:

- the undersigned "does not have enough tenure" as a judge and "many events have taken place in this action prior to his tenure," Doc. No. 12 ¶ 2; and

- the undersigned was formerly Corporation Counsel for the City of New Haven, Connecticut, Doc No. 12 ¶ 3.

As held in this Court's February 9 Order, the relevant case law shows that these are arguments

without merit.  First, "[t]he decision whether to grant or deny a recusal motion—*i.e.*, whether the

affidavit is legally sufficient—is a matter confided to the district court's discretion."  *Apple v.

Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987).  "Although the facts stated in the

affidavit are to be taken as true, the judge may inquire into their legal sufficiency.  Indeed he

must do so.  There is 'as much obligation upon a judge not to recuse himself when there is no

occasion as there is for him to do so when there is[.]'"  *Wolfson v. Palmieri*, 396 F.2d 121, 124

(2d Cir. 1968) (quoting *In re Union Leader Corp.*, 292 F.2d 381, 391 (1st Cir. 1961), *cert.*

2

*denied*, 368 U.S. 927 (1961)).  To be sufficient, an affidavit "must give fair support to the charge

of a bent of mind that may prevent or impede impartiality of judgment" and "show the

objectionable inclination or disposition of the judge."  *Berger v. United States*, 255 U.S. 22, 33-

35 (1922).

The first allegation suggests a profound misunderstanding of the meaning of "bias or

prejudice" for purposes of recusal—not having served on the bench before has nothing to do

with it.  Rather, "[t]he words connote a favorable or unfavorable disposition or opinion that is

somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon

knowledge that the subject ought not to possess . . . , or because it is excessive in degree . . . ."

*Liteky v. United States*, 510 U.S. 540, 550 (1994) (emphasis in original).  No such showing has

been made here.  On the second, as stated in this Court's February 9 Order, prior governmental

service only requires recusal when the judge actually participated in or expressed an opinion

about the actual proceeding in question.  *See* 28 U.S.C. § 455(b)(3).  Ms. Driessen has not

alleged that the undersigned has ever participated in *any* proceedings involving her, much less

this case, nor that he has previously expressed opinions about this case.

Plaintiff now argues that this Court "failed to address the legal sufficiency" of Plaintiff's

Motion to Recuse pursuant to 28 U.S.C. § 144.  This is contradicted by the Court's Order, which

explicitly states, "Here, plaintiff fails to allege any facts to support the belief that the judge

before whom this matter is pending has a personal bias or prejudice either against her or in favor

of any adverse party."  Doc. No. 13.  In its evaluation, this Court considered every argument

raised by Ms. Driessen in her Motion, and implicitly rejected those arguments not specifically

discussed in the Court's Order.

In any event, there is no requirement for a court to specifically address each and every

argument raised by a party in papers filed with the Court.  *See*, *e.g.*, *Jackson v. Fed. Exp.*, 766

F.3d 189, 199 (2d Cir. 2014) ("a district court is not required to 'write an opinion or lengthy order in every case[]'"); *Malbon v. Pa. Millers Mut. Ins. Co.*, 636 F.2d 936, 939 n.8 (4th Cir. 1980) ("An argument to which *sub silentio* treatment is accorded may be simply deemed not to have required specific reference. . . .  The argument may be deemed to have been considered, but to have been found insufficient in merit; it is not necessarily to be concluded that it must have been totally ignored."); *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 772 (9th Cir. 1986) ("Rule 52(a) provides that findings of fact and conclusions of law are unnecessary in decisions on motions.").

Ms. Driessen presents two new allegations in her "Memorandum of Law."  First, she alleges that the undersigned was allegedly still listed on the City of New Haven's website as Corporation Counsel as of February 11, 2015.  Doc. No. 14, at 1, 3.  Second, she alleges that the undersigned is not a member of the Federal Bar Association.  Doc. No. 14, at 1-2, 4.  Neither allegation, even if true, is material to the issue of potential bias in the present litigation.[1]

There is no clear error to correct or manifest injustice to prevent by reconsideration of the Court's Order denying Ms. Driessen's Motion to Recuse.  Ms. Driessen's submission seeking recusal under 28 U.S.C. § 144 was insufficient as a matter of law to support a charge of bias or prejudice either against her or in favor of any adverse party.  She has subsequently presented no relevant factors "that the court overlooked" or "that might reasonably be expected to alter the conclusion reached by the court."

For the foregoing reasons, Plaintiff's Motion for Reconsideration is **DENIED**.

---

[1] At least as of the date of this Ruling, the City of New Haven's website listed John Rose, Jr., as Acting Corporation Counsel for the municipality.  *See* http://www.cityofnewhaven.com/CorporationCounsel/index.asp.  Also, Ms. Driessen's communication with the Federal Bar Association, attached to her "Memorandum of Law" as Exhibit B, has nothing to do with either of her allegations: Ms. Driessen asked the Federal Bar Association whether Judge Bolden was a member of the bar of the District of Connecticut and the Federal Bar Association responded that it does not possess that information and that she should ask the District Court directly.  *See* Doc. No. 14, at 4.

5

**SO ORDERED** this 2nd day of March, 2015, at Bridgeport, Connecticut.


 /s/ Victor A. Bolden

VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE